# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provid by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiat the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ADRIAN GUILFORD

## DEFENDANTS
WELLS FARGO BANK, N.A.

**(b)** County of Residence of First Listed Plaintiff __PHILADELPHIA__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Andrew M. Milz, Esq., Flitter Milz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause: TCPA, 47 U.S.C. § 227

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes   ☐ No.

## VIII. RELATED CASE(S) IF ANY
(See instructions):

DOCKET NUMBER

DATE 1/25/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ADRIAN GUILFORD : CIVIL ACTION
:
V. :
:
WELLS FARGO BANK, N.A. : NO.
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| January 25, 2017 | _[signature]_ | ANDREW M. MILZ |
|---|---|---|
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| (610) 822-0782 | (610) 667-0552 | AMILZ@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT  APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6419 Garman Street, Philadelphia, PA 19142-3022

Address of Defendant: 1700 Market Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 6419 Garman Street, Philadelphia, PA 19142   *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) TCPA, 47 U.S.C. § 227

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Andrew M. Milz, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE: 1/25/17   _____ Attorney-at-Law   207715 Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/25/17   _____ Attorney-at-Law   207715 Attorney I.D.

CIV.609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIAN GUILFORD<br>6419 Garman Street<br>Philadelphia, PA 19142-3022,<br>      Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.<br>1700 Market St<br>Philadelphia, PA 19103,<br>      Defendants. | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

2. The TCPA broadly prohibits any person from placing calls and text messages using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone.

3. Defendant harassed Plaintiff with repeated autodialed collection calls to Plaintiff's cell phone, in violation of the TCPA.

### II. JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendant transacts business here.

### III. <u>PARTIES</u>

6. Plaintiff Adrian Guilford is a natural person who resides in Philadelphia, PA at the address captioned.

7. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national association which regularly conducts business in this District and which has a branch location as captioned.

8. Wells Fargo at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

### IV. <u>STATEMENT OF CLAIM</u>

9. Plaintiff Adrian Guilford has a cellular telephone number (ending in 0663) which she carries on her person and regularly uses.

10. At all relevant times, these phone numbers were assigned to a cellular telephone service Plaintiff used and paid for.

11. Wells Fargo placed calls to Plaintiff's cellular telephone number in the effort to collect a Wells Fargo credit account.

12. The alleged credit account was a home mortgage.

13. Wells Fargo placed hundreds of calls (including text messages) to Plaintiff's cell phone.

14. When answered, there would be a long pause or a recording, consistent with an automated telephone dialing system.

15. It is believed, and therefore averred, that the calls made by Wells Fargo to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

16. Wells Fargo did not have the "prior express consent" that is required by the TCPA.

17. Plaintiff told Wells Fargo to stop calling her cell phone, but the calls did not cease.

18. These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

19. Notwithstanding Plaintiff's instructions, Defendant continued to place prohibited calls to Plaintiff's cell phone without her prior express consent.

20. Defendant willfully and knowingly placed these auto-dialed calls to Plaintiff without Plaintiff's consent.

## **COUNT I – TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

22. Defendant has violated the TCPA, 47 U.S.C. § 227 et seq., and its implementing Regulation at 47 C.F.R. § 64.1200 et seq., by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to her cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Wells Fargo, N.A. for the following:

3

  (a) Statutory damages for each call, pursuant to the TCPA;

  (b) A declaration that Defendant's calls violate the TCPA;

  (b) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 1/25/17

*/s/ Cary L. Flitter*
CARY L. FLITTER
ANDREW M. MILZ

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**Attorneys for Plaintiff**

4